IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

| | |
|---|---|
| KEVIN PICKERING, | ) Civil Case No.: |
| Plaintiff(s), | ) |
| v. | ) **COMPLAINT AND DEMAND FOR** ) **JURY TRIAL** |
| UNITED AIRLINES, INC., a Delaware corporation, | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, Plaintiff, KEVIN PICKERING ("Plaintiff"), hereby sues the Defendant, UNITED AIRLINES, INC. ("Defendant" or "UNITED AIRLINES"), and alleges as follows:

### INTRODUCTION

1. This is an action for employment discrimination in violation of state civil rights laws, pursuant to the provisions of the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01, *et seq.*, ("FCRA") and the Florida's Private Sector Whistleblowers Act, Fla. Stat. §§ 448.101, *et seq.* DEFENDANT has facilitated by and through its employees, agents, managers, and the like, an inherently discriminatory workplace despite Defendant knowing of the disparate impact upon Plaintiff, an African American male. Defendant also retaliated against Plaintiff who complained about this discrimination.

2. As a result of Defendant's unlawful patterns, policies, and practices, and through its habitual acts and omissions, Plaintiff received less protection against harassment and discrimination from Defendant employees than non-African American heterosexual employees

1

and was discharged when he officially complained about the several incidences of harassment and discrimination.

## JURISDICITON AND VENUE

3. This Court has jurisdiction over this dispute because this complaint seeks damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorney's fees.

4. Venue is proper in this Court, because all acts complained of occurred in Orange County, Florida.

## PARTIES

5. Plaintiff is a natural person and was, at all times relevant hereto, employed by Defendant UNITED AIRLINES in Orange County, Florida.

6. Defendant UNITED AIRLINES, INC. is a Delaware corporation, with its principal place of business located at 233 South Wacker Driver, Chicago, Illinois 60606. Defendant is licensed and registered to do business in the State of Florida, in Orange County, Florida. Defendant was, at all times relevant to this claim, Plaintiff's "employer" as that term is defined by the FCRA, § 760.01, *et seq*.

## ADMINISTRATIVE REMEDY EXHUASTED

7. Prior to filing this action, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") on or about August 11, 2020, attached hereto as **Exhibit 1**. Plaintiff received a notice of right to sue letter (dated August 18, 2020) on or about September 2, 2020 and brings this lawsuit within ninety (90) days from receipt of same. Accordingly, Plaintiff is authorized by law to file this action and is filing same within four (4) years of the adverse actions complained of.

## **GENERAL ALLEGATIONS**

8. Plaintiff, at all times relevant hereto, was employed by Defendant as a ramp service employee from on or about May 26, 2007, until he was terminated on or about September 3, 2020.

9. Throughout his employment with Defendant, Plaintiff satisfactorily performed to the reasonable and legitimate non-discriminatory expectations of Defendant for over thirteen (13) years. Anything to the contrary is pretextual.

10. On or about June 25, 2018 an openly bisexual Latino male employee for Defendant approached Plaintiff in a demeaning manner and ordered Plaintiff to obey him. When Plaintiff complained of the conduct, a representative of Defendant told Plaintiff that it was "no business of United" to get involved.

11. On or about July 14, 2018, Plaintiff was denied a seat on a United Airlines flight from St. Martin to New Jersey in retaliation for his previous complaint, but Defendant provided pretextual reasons for not accommodating Plaintiff at that time. This was further exacerbated when Plaintiff was again denied a seat on a mostly empty United Airlines flight later that same day.

12. On or about July 14, 2018, Plaintiff was denied by Defendant the opportunity to trade his shift away and was also denied the use of one of his vacation passes to cover his absence, for no apparent reason. Plaintiff was later pressured by Defendant's employee, Felicia Perez, a Latino female, to cancel a shift even though it was Ms. Perez's mistake.

13. As a result of not being allowed to trade his shift, the necessity of which was due to his being denied a seat on multiple flights (including a mostly empty flight), Plaintiff was written up for an absence and placed on "termination warning." By doing so, Defendant entrapped Plaintiff into a violation of company policy and create pretext for his being placed on "termination warning."

14. On or about July 20th, 2018, Defendant's hostility towards Plaintiff permeated throughout the workplace leading to an incident where Plaintiff was intentionally and/or recklessly locked inside a plane compartment without any airflow or daylight. Plaintiff remained trapped inside this vacuum-sealed space for almost five (5) minutes without any air before being released by one of Plaintiff's co-workers. To Plaintiff's surprise, when he emerged from the airless chamber gasping for air, he saw his colleagues laughing at him as though it were a joke to them.

15. Upon information and belief, Plaintiff alleges that he was not the first employee to be subject to this type of treatment, and that there has been at least one other employee that was involuntarily forced into a United Airlines plane and locked therein for a period of time, similar to Plaintiff. Unlike in Plaintiff's situation, however, the supervisor in the latter incident was terminated for his or her conduct.

16. Plaintiff reported all of the above conduct to Defendant's human resources department on several different occasions, but to no avail. None of Plaintiff's complaints were met with adequate and/or reasonable consideration, and, in some situations, were used against him later on. Defendant even cited his complaints as cause for termination during an investigative review meeting on or about August 20, 2020.

17. While Defendant generally took no considerable action to investigate or remedy the conduct alleged in Plaintiff's complaints, in some situations, Defendant did take considerable action to pressure Plaintiff in the workplace and cause discomfort for him in the days following his complaints.

18. For example, Plaintiff was subject to inappropriate touching by one of his supervisors, Norman Ingram, who later wrote Plaintiff up in retaliation to Plaintiff not welcoming the offensive touching and harassment. When Plaintiff reported this inappropriate touching to

Defendant's human resources department, the human resources department did nothing to abate or remedy the situation, and it thus continued for a time thereafter.

19. Another example of this disparate treatment occurred whenever Defendant's officers, directors, and/or employees, Sean Carnes, during the month of May 2020, would greet Plaintiff and his coworkers, making sure to skip him when acknowledging each other, saying "Hello," or shaking hands.

20. Upon information and belief, Plaintiff believes, based on comments of many co-workers and other persons privy to Defendant management, that Defendant management has admitted to its attempts to pressure "this guy" (Plaintiff) "to quit."

21. On or about July 17, 2020, Plaintiff could no longer remain employed under the disparate conditions condoned by Defendant, and Plaintiff's application for voluntary separation was accepted by Defendant. However, Defendant later withdrew its acceptance without giving Plaintiff any notice or good cause for its withdrawal.

22. On or about August 20, 2020, an investigatory review meeting was held via conference call. The purpose of this meeting "was to review . . . [Plaintiff's] proposed termination for violations of the Company's Working Together Guidelines related to [his] actions."

23. Defendant referred to Plaintiff's actions as they related to *Plaintiff's own complaints* of wrongdoing against him as "egregious and in violation of Defendant's guidelines; and Plaintiff's employment was terminated immediately, even though it was *Plaintiff* who sounded the complaints, and *Defendant* who retaliated and entrapped Plaintiff into pretextual violations.

24. Upon information and belief, Plaintiff alleges that Defendant withdrew its acceptance of Plaintiff's voluntary separation because Defendant needed to create a record of pretext to hide its discriminatory, hostile, and abusive animus.

## COUNT I –

### RETALIATION IN VIOLATION OF F.C.R.A.

25.     Plaintiff incorporates allegation set forth in Paragraphs 1 through 24, as though fully set forth herein.

26.     Plaintiff has filed a timely charge with the EEOC and FCHR and thus has exhausted his administrative remedies.

27.     During his employment, Plaintiff complained to Defendant's representatives as per company policy regarding numerous instances of severe and pervasive harassment and discrimination that Plaintiff was subjected to while employed by Defendant.

28.     Plaintiff engaged in protected activities, including use of internal Defendant policies for rejecting and remedying racial discrimination and hostile workplace conduct, and filing a charge with the EEOC complaining of same. Plaintiff has a right to be free from reprisal against him for engaging in these activities.

29.     Defendant, by and through its officers, agents, representatives, and other employees, as well as its own actions and/or inactions, took adverse action against Plaintiff which increased in degree until eventually being terminated shortly after Plaintiff filed a charge of discrimination against Defendant.

30.     Defendant's conduct as alleged above constitutes retaliation against Plaintiff because he engaged in activities protected by F.C.R.A.

31.     The stated reasons for Defendant's conduct were not the true reasons, but instead were pretext to hide Defendant's retaliatory animus.

32.     Defendant retaliated against Plaintiff because Plaintiff engaged in activities protected by law, including participating in a racial discrimination investigation.

33. As a result of Defendant's adverse and retaliatory actions, Plaintiff suffered damages as a result of Defendant's retaliation sustaining lost wages, benefits, mental and physical anguish, and pain and suffering, *inter alia*.

34. The acts and omissions of Defendant alleged above constitute retaliation against Plaintiff based on his opposition, rejection, and disapproval of harassment, discrimination, and a hostile and abusive workplace.

35. Defendant has deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of the F.C.R.A.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

    A. An award of damages, including lost wages and benefits;

    B. An award of compensatory damages for mental anguish, loss of dignity and reputation, inconvenience, pain and suffering, and loss of enjoyment of life; and

    C. An award of attorneys' fees and costs;

    D. An award of punitive damages to be determined by a jury, pursuant to Fla. Stat. § 760.11(5); and,

    E. Any other relief deemed just and proper, including declaratory relief that his rights were violated by Defendant.

## COUNT II –

### HOSTILE WORK ENVIRONMENT IN VIOLATION OF F.C.R.A.

36. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 35, as though fully set forth herein.

37. Plaintiff has filed a timely charge with the EEOC and FCHR and thus has exhausted his administrative remedies.

38. Plaintiff is a member of a protected class based on his race and participation in racial harassment investigations whereby he had the right to reject racial discrimination and harassment in his workplace and to participate in investigations of the same.

39. Plaintiff's employment benefits were expressly and impliedly conditioned on, and limited by, his engaging in protected activities such as rejecting unlawful harassment and racial discrimination at his workplace.

40. Plaintiff utilized the preventative and corrective measures that his employer, Defendant, provided, but he was unsuccessful in preventing the harm that Defendant caused to Plaintiff while he was employed by Defendant. Defendant failed to take reasonable and sufficient action to prevent and correct the workplace harassment for the majority of Plaintiff's time in Orlando, Florida.

41. Defendant's conduct was therefore severe and pervasive enough to alter the conditions of Plaintiff's employment and create a hostile and abuse workplace environment.

42. As a result of Defendant's hostile and abusive work environment, Plaintiff suffered damages as a result of Defendant's hostile work environment, sustaining lost wages, benefits, mental and physical anguish, and pain and suffering, *inter alia*.

43. Defendant's conduct as alleged above constitutes hostile and abusive working environment in violation of F.C.R.A, by way of verbal, physical, and mental harassment, as well as unlawful and repetitive reprisal for Plaintiff's protected activities alleged above.

44. The stated reasons for Defendant's conduct were not the true reasons, but instead were pretext to hide Defendant's discriminatory animus.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

    A.    An award of damages, including lost wages and benefits;

    B.    An award of compensatory damages for mental anguish, loss of dignity and reputation, inconvenience, pain and suffering, and loss of enjoyment of life; and

    C.    An award of attorneys' fees and costs;

    D.    An award of punitive damages to be determined by a jury, pursuant to Fla. Stat. § 760.11(5); and,

    E.    Any other relief deemed just and proper, including declaratory relief that his rights were violated by Defendant.

## COUNT III –

### VIOLATION OF PRIVATE SECTOR WHISTLEBLOWER ACT PURSUANT TO Fla. Stat. §§ 448.101, *et seq.*

45. Plaintiff incorporates allegations set forth in Paragraphs 1 through 44, as though fully set forth herein.

46. Plaintiff brings this claim against Defendant for violations of his rights pursuant to the Florida Private Sector Whistleblower Act, §§ 448.101, Fla. Stat., *et seq.*

47. Plaintiff engaged in protected activity under § 448.102(3), Fla. Stat., when he opposed conduct on the part of multiple officers, agents, employees, and/or co-workers that he reasonably believed was against the law, and also when he participated in discrimination and harassment investigations. Plaintiff thereby objected to, or refused to participate in, any activity, policy, or practice of his employer, Defendant, which was in violation of a law, rule or regulation.

48. Plaintiff brought the unlawful activity, policy, or practice to the attention of a supervisor and/or the employer, Defendant, in writing and afforded Defendant a reasonable opportunity to correct the activity, policy, or practice.

49. After Plaintiff engaged in protected activity by opposing and participating in a racial discrimination investigation, Defendant terminated his employment.

50. Plaintiff's protected activity and the adverse employment action taken against him are causally related.

51. Defendant therefore took retaliatory personnel action against an Plaintiff (an employee) in violation of Florida Statues § 448.01 *et seq.*

WHEREFORE, Plaintiff respectfully requests that this Court:

    A. Award Plaintiff lost wages, benefits, and other economic damages, as appropriate;

    B. Award Plaintiff compensatory damages;

    C. Award Plaintiff a reasonable attorneys' fee and his costs, pursuant to Fla. Stat. § 448.08; and,

    D. Any other relief deemed just and proper, including permitting future amendment to claim punitive damages for the Defendant's willful and intentional retaliation against him.

## COUNT IV –

### PUNITIVE DAMAGES UNDER F.C.R.A., Fla. Stat. § 760.11(5)

52. Plaintiff incorporates allegations set forth in Paragraphs 1 through 51, as though fully set forth herein.

53. The above-described actions of Defendant were intentional, willful, abusive, done with gross recklessness, done in bad faith, done without reasonable basis, and done with gross negligence or recklessness. As such, Defendant is liable to Plaintiff for punitive damages, under the F.C.R.A., Fla. Stat. § 760.11(5).

54. As a result of Defendant's unlawful actions and/or inactions, Plaintiff suffered damages as a result of Defendant's willful and/or wanton and reckless conduct, sustaining lost wages, benefits, mental and physical anguish, and pain and suffering, *inter alia*.

55.

WHEREFORE, Plaintiff respectfully request that this Court:

A. Award Plaintiff punitive damages to be determined by a jury, pursuant to Fla. Stat. § 760.11(5).

## JURY DEMAND

Plaintiff KEVIN PICKERING hereby demands a trial by jury pursuant to the Florida Rule of Civil Procedure 1.430(b) on all issues so triable.

Dated this 16 day of November 2020.

Respectfully submitted,

**THE COCHRAN FIRM ORLANDO, LLC**

*/s/Michael G. Mann*
Michael G. Mann, Esq.
Florida Bar No.: 1020249
118 E Jefferson St., Ste. 306
Orlando, FL 32801
Office: (407) 271-8590
Fax: (407) 743-4452
MMann@CochranFirm.com

***Attorney for Plaintiff.***

# EXHIBIT 1
**(EEOC Charge of Discrimination)**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 511-2020-04245 |

**Florida Commission On Human Relations** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Kevin L. Pickering | (321) 247-2902 | ▇▇▇ |

| Street Address | City, State and ZIP Code |
|---|---|
| ▇▇▇▇▇▇▇▇▇ | Orlando, FL 32822 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| UNITED AIRLINES | 500 or More | (800) 341-0542 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1 Jeff Fuqua Boulevard | Orlando, FL 32827 |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-01-2020  Latest: 08-01-2020
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I am a Black male hired by Continental on or about 2007. Then on or about 2012, Continental merge with United. I was hired as a Ramp Agent. During my tenure working for Respondent, I've been treated unfairly. On or about June 6, 2020, a Hispanic coworker assaulted me. Respondent suspended both us but after two weeks, my Hispanic coworker was brought back to work but I wasn't. Then due to the Covid-19, Respondent is offering voluntary separation with benefits to all of the employees. On July 15, 2020, I accepted the voluntary separation. On July 17, 2020, I had a meeting with Human Resources and I express my frustration with the separation and Respondents unfair treatment. Then on July 18, 2020, Respondent held a meeting with me and they cancelled my voluntary separation application because allegedly I threatened them.

Respondent's investigator clearly stated that I didn't threatened anyone but my voluntarily separation was not revoke. Respondent wont accept it.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 08-06-2020

Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)