**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KEVIN PICKERING,

    Plaintiff,

v.                                                        Case No:   6:21-cv-608-GAP-EJK

UNITED AIRLINES, INC.,

    Defendant.

## ORDER

This case is before the Court without oral argument on Defendant's Motion to Reopen Action and to Enforce the Parties' Settlement Agreement (Doc. 19).[1] Plaintiff, who is proceeding *pro se*, did not respond to the motion. The Court has also considered Defendant's Response (Doc. 27) to the Court's Order to Show Cause (Doc. 26).

Plaintiff Kevin Pickering ("Pickering") sued Defendant United Airlines, Inc. ("United") under the Florida Civil Rights Act and the Florida Private Whistleblower Act. *See* Doc. 1. United moved to dismiss the complaint, and the Court granted that motion. *See* Doc. 16. After extended negotiations, United offered to settle this case for $6,750 and transmitted a draft settlement agreement.

---

[1] The Court granted the first request in this motion—to reopen the case—on August 24, 2021. *See* Doc. 25.

That agreement included the following terms: (a) Pickering would not be reinstated; (b) the terms would remain confidential; (c) United would make no admission of liability; and (d) Pickering would dismiss the instant action and withdraw any charge of discrimination filed against United. Pickering agreed to those terms and United filed a notice of settlement. The next day, Pickering's counsel informed United that Pickering was "backing out of the settlement."

Courts possess inherent authority to enforce settlement agreements. *BP Prods. N. Am., Inc. v. Oakridge at Winegard, Inc.*, 469 F. Supp. 2d 1128, 1133 (M.D. Fla. 2007). Florida law governs whether the parties reached an enforceable settlement agreement. *Id.* Under Florida law, "[w]here the parties have agreed to the essential terms of a settlement, it will be enforced." *State Farm Mut. Auto. Ins. Co. v. InterAmerican Car Rental, Inc.*, 781 So. 2d 500, 502 (Fla. 5th DCA 2001). These essential terms "must be specific and mutually agreeable." *Castro v. Cap. One Servs., LLC*, No. 16-CV-889, 2017 WL 8809513, at *1 (M.D. Fla. June 8, 2017).

The parties here agreed to all material terms of the settlement agreement. After substantial negotiations, United sent Michael G. Mann, Pickering's counsel at the time, a "copy of United's settlement agreement" for him to review. Doc. 19 at 22. Mr. Mann then responded "[l]et's do it," signifying his assent to the terms of the settlement agreement on behalf of his client. *See Hannah v. Armor Corr. Health Servs., Inc.*, No. 19-CV-596, 2021 WL 2668495, at *3 (M.D. Fla. June 3, 2021)

(holding that a response to an email "outlin[ing] the essential terms of the agreement" that read "Confirmed. Case is settled" was sufficient to find asset). The series of emails between counsel here was sufficient to create a binding settlement agreement. *D.B.C. Corp. v. Nucita Venezolana, C.A.*, No. 18-25225-CIV, 2020 WL 8872096, at *1 (S.D. Fla. June 15, 2020) ("Florida law is clear that a settlement can be reached through a series of e-mail exchanges."). Pickering does not dispute that his attorney entered into this settlement agreement on his behalf, nor that his attorney had "clear and unequivocal authority to settle on [his] behalf." *Welch v. N. Am. Tank Line, Inc.*, No. 06CIV2340, 2008 WL 3982394, at *3 (M.D. Fla. Aug. 25, 2008).[2] And there is no doubt that the parties "seriously underst[ood] and intend[ed] the agreement to be binding on them," considering both parties agreed to file a notice of settlement with the Court. *Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp.*, 302 So. 2d 404, 408 (Fla. 1974).

The only potential barrier to enforcement of this agreement is its revocation clause. That provision provides that:

> EMPLOYEE is hereby informed he/she will have seven (7) calendar days after signing the Agreement to revoke his/her signature. Such a revocation must be made by

---

[2] Indeed, the email thread attached to the Motion supports Mr. Mann's authority to enter a settlement on Pickering's behalf. He frequently states that "***Plaintiff*** will reduce" his demand by a certain amount. *E.g.*, Doc. 19 at 23, 25. And the authority to make offers—like Mr. Mann does here—necessarily includes the ability to enter into a binding settlement agreement. *Vital Pharmaceuticals, Inc. v. S.A.N. Nutrition Corp.*. No. 06-60646-CIV, 2007 WL 1655421, *5 (S.D. Fla. 2007)

> providing written notice prior to the close of business on the seventh day after the date on which EMPLOYEE executes the Agreement, to United at Mary O'Neil, Esquire and at [Redacted in Document]. Failure to revoke within seven (7) calendar days will result in this waiver and release being effective and enforceable. If EMPLOYEE revokes within seven (7) calendar days, the entire Agreement is void.

Doc. 19 at 43.

Pickering failed to comply with the agreement's plain language and his attempted revocation was therefore ineffective. "[W]here the language of a contract is clear and unambiguous, a trial court is not at liberty to modify the agreement and therefore must give effect to its express provisions." *Dickerson Fla., Inc. v. McPeek*, 651 So. 2d 186, 187 (Fla. 4th DCA 1995). And this language lays out a clear procedure to revoke the settlement agreement. Pickering failed to comply with this procedure; he only contacted United's counsel, not Mary O'Neil as required. *See Woods v. Denver Dep't of Revenue, Treasury Div.*, 45 F.3d 377 (10th Cir. 1995); *Copeland v. Dapkute*, No. 17-cv-01566, 2018 WL 5619672 (D. Md. Oct. 30, 2018). There is no basis to deviate from the agreement's procedure, so the Court will enforce the settlement agreement.[3]

---

[3] The fact that the actual agreement is unexecuted does not preclude the Court from enforcing it. "The execution of a settlement agreement is merely a procedural formality and is not a condition precedent to an enforceable settlement agreement." *Hannah*, 2021 WL 2668495, at *3.

One problem remains, however. The settlement agreement transmitted to Pickering's counsel left blank the percentage of the $6,750 settlement amount to be paid to Pickering's attorney. *See* Doc. 19 at 33 ¶ 2.1. United omitted this at the attorney's request. *See* Doc. 19 at 21 (Mr. Mann requesting that United "hold processing the check amounts until [he] can confirm attorneys' fees and costs"). This exclusion does not preclude the Court from enforcing the settlement agreement, as it is not an essential term in the agreement. *Spiegel v. H. Allen Homes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002) ("Uncertainty as to nonessential elements . . . will not preclude enforcement of a settlement agreement"). Instead, it is a mere procedural question in the settlement process: To whom will the checks be cut, and in what percentage of the total agreed-to amount? The Court will give Pickering's prior counsel an opportunity to assert what this amount should be.

Finally, United requests its fees incurred from bringing this motion. It asks for these fees under either the settlement agreement or under the Court's inherent power to sanction. Doc. 19 at 13. The Agreement provides that a prevailing party "will . . . be entitled to recover reasonable attorney's fees and other costs in a proceeding to enforce any of the provisions of this Agreement." Doc. 19 at 41. Again, the clear language of the agreement provides that United is entitled to its fees. The Court will grant this request.

Therefore, it is **ORDERED** that:

1) The Motion to Reopen Action and to Enforce the Parties' Settlement Agreement (Doc. 19) is **GRANTED**.

2) The settlement agreement that United transmitted to Pickering's counsel on June 9, 2021 is deemed to be the binding agreement entered into between the parties.

3) The Clerk shall send (via email and USPS) a copy of this Order to Plaintiff's former counsel, Michael G. Mann. Within 14 days of this Order, Mr. Mann shall file with the Court a claim for his attorney's fees. Plaintiff may object to that claim within 14 days of its filing. Should Plaintiff object to that claim, the Court will direct United as to the proper amount to pay Mr. Mann.

4) After receiving notice of the proper amount of money to pay Mr. Mann, United is directed to pay Pickering and Mr. Mann the respective amounts owed, as contemplated by ¶ 2.1 of the settlement agreement and file confirmation of this payment on the docket.

5) Upon receiving that confirmation, the Court will dismiss the case with prejudice.

6) Defendant shall file an itemized request for attorney's fees incurred in bringing this Motion, along with a justification for those fees, within 14 days of this Order. Any objection to that fee request shall be filed within 14 days of Defendant's request.

7) The Clerk is directed to mail a copy of this Order to Plaintiff.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 27, 2021.



_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party